Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3361

KENNETH L. JONES,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Kenneth L. Jones, of Gary, Indiana, pro se.

Michelle A. Windmueller, Appellate Counsel, United States Postal Service, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, of Washington, DC; and Lori J. Dym, Chief Counsel. Of counsel were David M. Cohen, Director, Todd M. Hughes, Assistant Director, and John S. Groat, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3361

KENNETH L. JONES,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  February 9, 2006
_____

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Kenneth L. Jones petitions for review of the decision of the Merit Systems Protection Board, Docket No. CH0752050926-I-1, affirming the decision of the United States Postal Service removing him from employment.  We affirm the decision of the Board.

BACKGROUND

Mr. Jones was removed from his position as a mail processing clerk with the United States Postal Service in Gary, Indiana, effective September 17, 2005.  Three charges were

specified as grounds of removal. The first charge was of "unacceptable conduct," stemming from an incident wherein he returned nine minutes late from a scheduled work break on June 20, 2005.

The second charge was "insubordination," stemming from his refusal to obey an instruction of his supervisor on June 22, 2005. Specifically, he and another employee were instructed to move an all-purpose container (called an APC) from their work area, a distance of approximately two feet. After repeated refusals to move the container Mr. Jones was ordered to leave the facility, an instruction he also refused to comply with several times. His supervisor finally called the police, and Mr. Jones was escorted out of the building by the police.

The third charge was "absence without leave" for eight hours on July 8, 2005. This charge stemmed from Mr. Jones' failure to return to work when instructed to do so. Specifically, as Mr. Jones was being escorted out of the building by the police on June 22, his supervisor told him not to return to work until he was told to do so. On July 6, the supervisor mailed a letter to Mr. Jones instructing him to return to work "at the beginning of his next scheduled tour," which was Friday, July 8, 2005. The letter was delivered, and signed for by Mr. Jones' mother, late in the afternoon of July 7, but Mr. Jones did not return to work until Monday, July 11. The agency held Mr. Jones absent without leave for his scheduled tour on July 8, 2005.

On August 5, 2005, the agency issued to Mr. Jones a notice of proposed removal based on these three charges and, receiving no response to the notice, removed him ten days later, effective September 17, 2005. Mr. Jones appealed to the Board, which sustained the removal based on the first and second charges. This petition followed.

2006-3361                                        2

DISCUSSION

An agency must establish three things to sustain an adverse action against an employee. First, the agency must prove, by a preponderance of the evidence, that the charged conduct occurred. 5 U.S.C. §7701(c)(1)(B). Second, the agency must show a nexus between that conduct and the efficiency of the service. 5 U.S.C. §7513(a); Hayes v. Department of Navy, 727 F.2d 1535, 1539 (Fed. Cir. 1984). Third, the penalty imposed must be reasonable. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 306-07 (1981). The Board gives plenary review to the agency's decision. We, in turn, must affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. §7703(c); Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed. Cir. 1995).

As to the first charge, Mr. Jones admitted returning nine minutes late from his break but offered the excuse that he had been late in leaving for his break. The Board found that his conduct had resulted in the machine he was operating being left unattended and concluded that he should have returned on time even if he had been late in leaving for his break. The Board sustained the charge of unacceptable conduct.

Concerning the third charge, the Board did not sustain the charge of being AWOL for one day after Mr. Jones was instructed to return to work, since his mother had signed for the letter, he said that he had not seen it in time to return to work the next day, and the agency had not established otherwise.

As to the insubordination charge, Mr. Jones disputed that he refused to obey orders, and stated that it would have been unsafe to move the APC because it had been tagged as

damaged.  The Board, hearing the witnesses to the event and evaluating their credibility, found that Mr. Jones had refused to obey his supervisor's legitimate orders.  The Board also found, based on the testimony of the witnesses, that there was no tag on the APC stating that it was damaged, and that even if there were, that alone would not establish that it was dangerous to move.  The Board found Mr. Jones' safety allegations to be frivolous, and sustained the removal on the grounds of insubordination and unacceptable conduct.

Before us, Mr. Jones repeats that he was justified in refusing to move the APC because it was unsafe to do so.  However, several witnesses testified that the refusal was deliberate and confrontational, and that there was no apparent risk to moving the APC.  Mr. Jones states that the Board failed to consider the fact that his supervisor "was under medication and she has several occasion where she had uncontrolled breakdown resulting in misdirection of employee"; he refers to "Documented mental problems" of the supervisor.  He also argues that one of the witnesses against him was subsequently caught stealing from the Postal Service.  The agency responds that there was no evidence to support these allegations, and in all events that they do not justify his refusal to obey a proper order from a supervisor.  The Board's holding of insubordination was supported by substantial evidence.

Mr. Jones states that the penalty of removal was disproportionate to the sustained charge.  He points to his ten years with the Postal Service and to his good conduct medals from the Army and Marine Corps.  The Board discussed the factors set forth in <u>Douglas v. Veterans Admin.</u>, 5 M.S.P.R. 280, 306-07 (1981), and concluded that the penalty of removal was justified, citing particularly the need to call the police upon his refusal to leave the workplace.  Although it seems to us to be a close decision and a harsh penalty, the

2006-3361                                                  4

removal was within the agency's discretionary authority, the agency directing our attention to previous notices to Mr. Jones concerning the need to obey orders. The Board's decision to defer to the agency's choice of penalty is within the Board's authority, and must be affirmed.

No costs.